[See Reed v. Cutter, Case No. 11,645; Evans v. Eaton, 3 Wheat. (16 U. S.) 454.]

## Case No. 6,310.
### HEATH v. WRIGHT.
[3 Wall. Jr. 141; Cox, Amer. Trade-Mark Cas. 154; Cox, Manual Trade-Mark Cas. 76.][1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1855.

#### INJUNCTION—PATENT MEDICINE.

Chancery will not interfere by injunction in questions of trade mark between the vendors of patent medicines, being quack medicines; such questions having too little merit to commend them on either side.

[Cited in Kohler Manuf'g Co. v. Beeshore, 59 Fed. 574.]

This was an application by the complainant for an injunction to restrain the defendant from using the name "Kathairon" for a compound for toilet purposes, manufactured and vended by both parties. The complainant alleged that this term was his trade mark, which the defendant denied, alleging that the word "Kathairon" was in common use, like that of "Magazine," &c. Both Kathairons consisted essentially of a mixture of castor oil and brandy; and it appeared by the labels upon the bottles which contained the respective Kathairons, that the complainant claimed for his, that it would infallibly cure "scald head, tetter, ringworm, erysipelas, itch, barber's itch, shaving pimples, salt rheum, chapped hands, stings, cuts, chilblains, swellings, inflammations, rheumatisms," &c.: and that it would "almost instantly relieve sympathetic attacks of nervous headache," besides "restoring the hair,

---

[1] [Reported by John William Wallace, Esq., and here reprinted by permission. Cox, Manual Trade-Mark Cas. 76, contains only a partial report.]

and preventing it from turning gray." "It would be labor lost," his label declared, "to enumerate the wonderful properties of this invaluable preparation; its reputation, co-extensive with the civilization of the globe, makes all praise superfluous, all exaggeration impossible." The claim of the defendant was not quite so extensive. He declared his to be a "sovereign remedy for tetter, itch, scald head, salt rheum, ringworm." He made no mention of its power to cure erysipelas, but professed that it was able to cure "barber's itch, chapped hands, chilblains, stings and bites of insects, inflammations, swellings;" &c., besides "preserving the hair and keeping it from turning gray," and dispelling nervous headache. And he averred that his Kathairon had had "millions of patrons."

KANE, District Judge. It is impossible for me to distinguish this case in principle from that of Fowle v. Spear [Case No. 4,996], which was before me on a similar motion some years ago. I then refused an injunction against the vendor of a patent medicine at the suit of his brother quack, who complained that his label and envelope of certificates had been imitated, on the ground that the special action of chancery could not be involved in a controversy which had so little merit to commend it on either side. Injunction refused.